IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                        Plaintiff,

                                            ORDER

            v.

                                   3:18-cr-107-wmc-1

DEMARKO D. RICHMOND,

                       Defendant.

---

A hearing on the probation office's petition for judicial review of Demarko Richmond's supervised release was held on March 10, 2022, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Corey C. Stephan. Defendant was present in person and by counsel Jeffrey W. Nichols. Also present was U.S. Probation Officer Yang Moua.

## FACTS

From the record I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on December 17, 2018, following his conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), a Class C felony. After serving a term of imprisonment of 40 months, he began a three-year term of supervised release on June 1, 2021.

The defendant transitioned from the residential reentry center at Rock Valley Community Programs Inc. (RVCP), in Janesville, Wisconsin. While there, he incurred some 23 incident reports for disciplinary actions. RVCP further noted that his attitude towards program rules was also poor, and he often became agitated and argumentative when RVCP staff discussed his

misbehavior.   These behaviors are consistent with many of the interactions the defendant had with the probation office.

Defendant violated Standard Condition No. 2, requiring that he report to the probation office as directed and submit a complete written report form within the first five days of each month, truthfully answer inquiries by the probation officer, and follow the probation officer's instructions.   Specifically, defendant failed to submit monthly forms in July 2021, and again from October 2021 through January 2022.

Defendant also violated Standard Condition No. 3, requiring that he seek and maintain lawful employment or participate in a course of study that will equip defendant for suitable employment, unless excused by the probation officer.   While defendant was employed with Celerity Staffing Solutions from June 23 to June 28, 2021, he has not worked regularly since, nor has his probation officer excused defendant from work.

Defendant next violated Standard Condition No. 5, stating that he shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, unless prescribed by a physician, as well as the mandatory condition that prohibits defendant from illegally possessing a controlled substance, when on June 3, July 1, August 20, September 28, and November 5, 2021, and January 26, 2022, he submitted urine specimens that tested positive for the presence of THC.

Defendant similarly violated Special Condition No. 15, requiring him to participate in substance abuse treatment and submit to drug testing by failing to appear for drug testing appointments at ATTIC Correctional Services, in Madison, Wisconsin, on June 25, June 29, August 3, August 18, September 26, October 11, October 27, November 4, and December 13, 2021.

Finally, defendant violated Special Condition No. 14, requiring him to participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer. Specifically, on January 7, 2022, defendant was scheduled to complete a mental health assessment with WPF2 in Madison, Wisconsin.   However, during the appointment, defendant questioned the reason for the assessment, and despite being informed the assessment was a condition of his supervised release, he refused to proceed.

CONCLUSIONS

Under 18 U.S.C. § 3583(g)(1), (3), and (4), revocation is mandatory if the court finds defendant violated any of these provisions:   possession and use of controlled substances, refusal to comply with drug testing on multiple occasions, and submitting urine specimens that tested positive for illegal controlled substance more than three times over the course of one year.

Defendant's criminal history category is IV. With a Grade C violation, defendant has an advisory guideline range of imprisonment of six to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is two years under § 3583(e)(3), because the offense of conviction is a Class C felony, and another term of supervised release is authorized under § 3583(h).

Despite more than adequate grounds to revoke, following discussion with the defendant, the court agreed to stay its ruling for 60 days in order to give the defendant an opportunity to demonstrate a true commitment to complying with the terms and conditions of his supervision beginning with undergoing a full substance abuse and mental health evaluation and treatment.

ORDER

IT IS ORDERED that this matter is DEFERRED until May 10, 2022, at 1:00 p.m.   The existing terms and conditions of defendant's supervised release remain in full force and effect pending that hearing.   The court will move up that date should defendant commit any further, material violation before that time.

Entered this 10th day of March, 2022.

BY THE COURT:

WILLIAM M. CONLEY
District Judge