IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

       Plaintiff,       ORDER

     v.           3:18-cr-107-wmc-1

DEMARKO D. RICHMOND,

       Defendant.

---

  A continuation of the original, March 10, 2022, hearing on the probation office's petition for judicial review of Demarko Richmond's supervised release took place before U.S. District Judge William M. Conley on June 30, 2022. The government appeared by Assistant U.S. Attorney Corey C. Stephan. Defendant was present in person and by counsel Jeffrey W. Nichols. Also present was U.S. Probation Officer Yang Moua.

## BACKGROUND

  At the March 10 hearing, I made detailed findings of fact establishing the defendant's violation of Standard Condition No. 2 requiring that he report to the probation office as directed and submit a complete written report form within the first five days of each month, truthfully answer inquiries by his supervising probation officer, and follow the officer's instructions, beginning with his failure to submit written monthly report forms in July 2021 and from October 2021 through January 2022. He also violated Standard Condition No. 3 requiring that he maintain lawful employment, seek lawful employment, or participate in a course of study to equip him for suitable employment, unless excused by the probation officer.

  While defendant was employed with Celerity Staffing Solutions from June 23 to June 28, 2021, he has not worked regularly since then, nor was he excused from working regularly at a

lawful occupation. Further, the defendant violated Standard Condition No. 5 prohibiting his purchase, possession, use, distribution, or administration of any narcotic or other controlled substance (or any paraphernalia related to such substances except as prescribed by a physician), and the mandatory condition prohibiting defendant from illegally possessing a controlled substance. Specifically, on June 3, July 1, August 20, September 28, and November 5, 2021, and January 26, 2022, defendant submitted urine specimens that tested positive for the presence of THC. Additionally, defendant violated Special Condition No. 15 requiring him to participate in substance abuse treatment and submit to drug testing by failing to appear for drug testing appointments at ATTIC Correctional Services, in Madison, Wisconsin on June 25, June 29, August 3, August 18, September 26, October 11, October 27, November 4, and December 13, 2021. Finally, defendant violated Special Condition No. 14 requiring his participation in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer. Specifically, on January 7, 2022, defendant refused to proceed with the mental health evaluation with WPF2, LLC in Madison, Wisconsin. Even though these violations warranted more than adequate grounds for revocation, a decision was deferred to give defendant an opportunity to demonstrate commitment to comply with the terms and condition of his supervision beginning with undergoing a mental health evaluation and continuing with his substance abuse treatment.

## SUPPLEMENTAL FACTS

From the record, I now make the following, supplemental findings of fact beyond those stated at the March 10, 2022, hearing and set forth in a written order dated the same day, which are again incorporated here.

Defendant violated Standard Condition No. 5 stating that he shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances unless prescribed by a physician; and the mandatory condition that prohibits defendant from illegally possess a controlled substance. On March 24 and May 18, 2022, defendant submitted urine specimens that tested positive for the presence of THC. The defendant's use would ordinarily constitute possession, but given the other progress he has made, the probation office is recommending his participation in an inpatient, 21-day treatment program at ATTIC Correctional Services.

## CONCLUSIONS

Aside from his chronic use of marijuana, defendant has been generally compliant with his conditions since the last hearing. I do not think revocation is appropriate at this time given the real opportunity for further substance abuse treatment on supervision.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on December 17, 2018, is CONTINUED. Defendant is to participate in an inpatient substance abuse program at ATTIC Correctional Services upon the first available vacancy, currently scheduled for July 1, 2022, and to successfully complete the program.

Entered this 1st day of July, 2022.

BY THE COURT:

WILLIAM M. CONLEY
DISTRICT JUDGE